BLANCHE, Judge.
This suit was instituted by plaintiff, Handy Overton, against Ronald Millet and his liability insurer, Southern Farm Bureau Casualty Insurance Company (erroneously referred to as “Southern Farm Bureau Insurance Company”), for damages sustained by him in an automobile accident. In this accident of December 17, 1970, in the City of Baton Rouge, Louisiana, occurring at the intersection of Florida Boulevard with a parking lot exit of Rebel Shopping Center, plaintiff was stopped directly behind a vehicle owned by defendant, Ronald Millet, and being driven by his wife, Ethel L. Millet. After Mrs. Millet, who was stopped at a stop sign, began to cross the eastbound lanes of Florida Boulevard in order to turn left, she backed up, allegedly to avoid a collision with another vehicle on the boulevard, and struck plaintiff’s car as a result of such backing maneuver.
The trial court rendered judgment for plaintiff, Handy Overton, and against defendants, Ronald Millet and Southern Farm Bureau Casualty Insurance Company, in the sum of $729.69. From this judgment plaintiff has devolutively appealed. We affirm.
The sole issue to be decided on appeal is whether the trial court’s award to plaintiff was manifestly inadequate.
The evidence shows that the accident was of a very minor nature. Plaintiff’s car was never repaired but an estimate of damage prepared by Charlie Harris, entered into evidence without objection, shows that he could repair the car for $45.84. No injuries were reported to the investigating officer at the scene of the accident. Because of the minor nature of the accident, Mrs. Millet stated the officer asked them repeatedly if they wanted the accident reported and quoted him as stating that plaintiff’s car could be fixed with a twenty-five cent screw.
Concerning the award of personal damages to the plaintiff, the trial judge in his Oral Reasons for Judgment commented as follows:
“With respect to his personal injuries —the Court is not convinced that he suffered any substantial personal injuries in this matter. The reports by Dr. Spedale and Dr. Campanella both show, as well as the X-ray report of Dr. Mouton, that while there might have been a compression of T-8 of the superior and inferior surface of the body, T-8 of the spine of Mr. Overton, neither of these men could determine whether or not this was an injury caused from this accident or one of long-standing.
“The Court is not impressed by the number of visits that Mr. Overton made to Dr. Spedale over a period of several months following the accident. In April 1971, Dr. Campanella said that all he could determine was tenderness over certain areas of the spine not involving T-8 as shown in Dr. Spedale’s report.
“It is, therefore, the opinion of the Court that any injuries that this man sustained in this accident were very minimal in nature and consisted primarily of *471 soreness and tenderness for some period following the accident. No evidence was given of any loss of wages, the use of any braces, or any hospitalization. * * *» (Oral Reasons for Judgment, Record, pp. 22, 23)
We agree that any injuries suffered by plaintiff were minimal. An examination of awards made in other cases for injuries of a minor nature convinces us that the award to plaintiff of $500 in this case, though generous, is not an abuse of the trial judge’s discretion. LSA-C.C. art. 1934(3).
For these reasons, the judgment of the trial court is affirmed, at the cost of plaintiff-appellant.
Affirmed.